NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**JOHN DOE,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

2024-2266

Petition for review of the Merit Systems Protection Board in No. DA-0752-19-0105-I-1.

Decided:  March 6, 2026

LAWRENCE BERGER, Mahon & Berger, Esqs., Glen Cove, NY, for petitioner.

COLLIN T. MATHIAS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, YAAKOV ROTH.

Before REYNA, LINN, and STARK, *Circuit Judges.*

PER CURIAM.

John Doe ("Appellant") appeals a final order of the Merit Systems Protection Board ("Board") sustaining his removal by the Department of Justice ("DOJ") from his position as a Special Agent in the Drug Enforcement Administration ("DEA"). We affirm.

## I

In 2016, the DOJ discovered that Appellant had taken four nude photographs of a minor on his government-issued cell phone. Although no criminal charges were ever brought against Appellant, on May 2, 2018, the DEA issued him a Notice of Proposed Removal ("Notice") based on his engagement in "Conduct Unbecoming a DEA Special Agent" ("Conduct Unbecoming"). On November 8, 2018, the deciding official sustained the charge of Conduct Unbecoming, finding that, by a preponderance of the evidence, Appellant's "conduct was inconsistent with the behavior expected of a sworn Federal Law Enforcement Officer." J.A. 65. As a result, Appellant was removed from his position as a Special Agent.

Appellant appealed his termination to the Board, which affirmed. He then timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

## II

"Our scope of review in an appeal from a decision of the Board is limited." *Cheney v. Dep't of Just.*, 479 F.3d 1343, 1348 (Fed. Cir. 2007). "We will uphold a decision of the MSPB unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or 'unsupported by substantial evidence.'" *Jenkins v. Merit Sys. Prot. Bd.*, 911 F.3d 1370, 1373 (Fed. Cir. 2019) (quoting 5 U.S.C. § 7703(c)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1325 (Fed. Cir. 2005) (internal quotation marks omitted). "On appeal, the petitioner bears the

burden of establishing error in the Board's decision." *Jones v. Merit Sys. Prot. Bd.*, 98 F.4th 1376, 1380 (Fed. Cir. 2024) (internal quotation marks and alterations omitted).

## III

Appellant's primary contention is that his termination was improper because the DEA failed to prove that he acted with "lascivious intent" when he took the photos at issue. "Lascivious intent" is an element of a child pornography charge under certain criminal statutes. *See* 18 U.S.C. §§ 2252, 2256(2)(A)(v). Thus, according to Appellant, the Board erred by sustaining a charge for which the employing agency failed to prove every element.

The flaw in Appellant's argument is that his removal was based on the charge of "conduct unbecoming a DEA Special Agent," not criminal possession of child pornography. *See Long v. Soc. Sec. Admin.*, 635 F.3d 526, 532 (Fed. Cir. 2011) ("[Appellant] contends that the Agency's characterization of [his] conduct in the specification of the Complaint establishes that it effectively charged [him] with [a] criminal offense. The Agency, however, explicitly charged [Appellant] with conduct unbecoming.") (internal citation and quotation marks omitted). The Board acknowledged as much in its decision: "The issue[] in this appeal [is] whether the appellant engaged in conduct unbecoming a DEA Special Agent." J.A. 2; *see also* J.A. 7-8 ("[T]he language and structure of the proposal notice and decision notice are [not] such that the agency incorporated an element of intent into its charge. . . . [T]he proposal notice did not charge the appellant with possession or creation of child pornography or acting with lascivious intent."). Appellant himself concedes in his briefing that he "was charged with conduct unbecoming a DEA Special Agent, not with the commission of a crime." Open. Br. at 18-19.

To prove the conduct unbecoming charge, the DEA needed to show, by a preponderance of the evidence, only that Appellant engaged in the conduct alleged in the Notice: taking inappropriate photos on his agency-issued cell

phone. *See generally Russo v. U.S. Postal Serv.*, 284 F.3d 1304, 1308 (Fed. Cir. 2002) ("[W]hen an agency makes a general charge against an employee, it must specify the conduct that supports the charge."). Substantial evidence supports the Board's finding that the DEA met this burden. This includes Appellant's admission that he took the photos and overwhelming evidence that they were inappropriate. *See, e.g.*, J.A. 99 ("I'm not denying I took the pictures. I'm sure I took the pictures. That's me. But I also delete[d] them.") (ellipses omitted); J.A. 100 (expert testimony). The DEA did not also need to prove that Appellant committed a crime and, therefore, had no need to prove that Appellant acted with "lascivious intent." *See generally Long*, 635 F.3d at 532-33 ("Regardless of the outcome of the criminal proceedings, a review of [Appellant's] actions clearly show he is not fit to continue to serve.").

Appellant also raises a due process argument. He asserts that he did not receive adequate notice of the charges against him because the Agency effectively charged him with possessing child pornography. However, as we have already explained, the Notice of Proposed Removal charged Appellant with Conduct Unbecoming, which is the charge the Agency subsequently proved and is the sole basis for his removal. Therefore, Appellant received sufficient notice and was not deprived of due process.

## IV

We have considered Appellant's remaining arguments and find they lack merit. Accordingly, for the foregoing reasons, we affirm the final decision of the Board.

### **AFFIRMED**

### COSTS

No costs.